SOTOMAYOR, RECURRENTE, v. EL REGISTRADOR DE CAGUAS, RECURRIDO.

Recurso gubernativo interpuesto contra nota del Registrador de la Propiedad de Caguas señalando defecto subsanable en la inscripción de un contrato de compraventa.

No. 435.—Resuelto en noviembre 11, 1919.

SOLARES—CONCESIONES DE SOLARES MUNICIPALES—DEFECTO SUBSANABLE.—Como las concesiones de solares hechas por los concejos municipales se rigen por reglas distintas según se hayan otorgado antes o después de que comenzara a regir en 7 de marzo de 1912 la ley sobre la materia, es indispensable para la aplicación adecuada de la ley conocer la fecha en que se hizo la concesión, y, por tanto, cuando se presenta al registro de la propiedad para su inscripción una certificación del acuerdo de un concejo municipal concediendo el uso de un solar, en la que no se expresa la fecha de tal acuerdo, esa omisión constituye un defecto subsanable.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Andrés Mena.*

El registrador recurrido, Sr. Gómez Lasserre, no compareció.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Dueño el municipio de Caguas por título de donación, de un predio de terreno de 81 cuerdas, radicado en dicha población, entre otras segregaciones hizo la de un solar de 389.94 metros cuadrados de superficie, para que se inscribiera como finca independiente, prestando su consentimiento y concediendo permiso a Ramón Sotomayor para que edificara en dicho solar una casa terrera, de maderas, techada de zinc y tejas de barro, según así se consigna en certificación expedida a 10 de abril de 1919 por el secretario municipal de Caguas.

La expresada certificación fué presentada para su inscripción en el Registro de la Propiedad de Caguas y se verificó con el defecto subsanable de no expresarse la fecha del acuerdo celebrado por el concejo municipal para la concesión del solar, según nota del registrador de 16 de julio, 1919.

La anterior nota está sometida a nuestra consideración a virtud de recurso gubernativo contra ella interpuesto por Ramón Sotomayor para obtener su revocación en cuanto al defecto subsanable apuntado.

En la certificación se expresa que la concesión del solar fué ratificada por la ley aprobada en 7 de marzo de 1912. Dicha ley, que comenzó a regir en la fecha de su aprobación, establece en su sección 1ª. que el concejo municipal de cualquier municipio queda autorizado para conceder, a petición, el aprovechamiento de cualquier solar de su pertenencia que esté situado en la zona urbana siempre que sea para construir edificaciones sobre ellos, debiendo los concejos municipales especificar en las concesiones los derechos respectivos del cedente y del cesionario o sus sucesores respecto a propiedad de los edificios, su reconstrucción en los casos en que fueron destruídos o deteriorados y cuanto no se opusiere a

lo preceptuado en la ley; y en su sección 4ª. establece que toda cesión de uso de solares hecha por cualquier municipio a personas particulares, corporaciones o asociaciones, hasta la fecha de la aprobación de la ley y que se haya otorgado con el fin de estimular la construcción de edificios y el desarrollo urbano, se declara válida siempre que el concesionario haya llenado debidamente las condiciones de la concesión y pagare la contribución sobre la propiedad que en lo sucesivo se impusiere, siendo el concejo municipal el único juez competente para resolver si un concesionario ha cumplido o no con las condiciones de la concesión.

Como se vé, las concesiones de solares se rigen por reglas distintas según se otorgan o no antes de la fecha de la ley sobre la materia que comenzó a regir en 7 de marzo de 1912, y es indispensable para la aplicación adecuada de la ley conocer la fecha en que se hizo la concesión. Aunque de la certificación parece desprenderse que la concesión fué hecha antes del 7 de marzo de 1912, puesto que el secretario municipal de Caguas expresa que tal concesión fué ratificada por la ley aprobada en esa fecha; sin embargo, esa apreciación del secretario carece de eficacia legal pues sus funciones deben limitarse a certificar sobre hechos, no siendo de su incumbencia el establecimiento de una conclusión legal como la de que la concesión fué ratificada por la mencionada ley. Esa función era privativa del Concejo Municipal de Caguas.

Por las razones expuestas es de confirmarse la nota recurrida.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Asociados del Toro y Aldrey.

Los Jueces Asociados Sres. Wolf y Hutchison no tomaron participación en la resolución de este caso.