## FLORES, RECURRENTE, *v.* EL REGISTRADOR DE CAGUAS, RECURRIDO.

No. 588.—*Presentado:* Abril 12, 1924. *Resuelto:* Abril 30, 1924.

USUFRUCTO DE SOLARES MUNICIPALES; INSCRIPCIÓN DE—CERTIFICACIONES DE SECRETARIOS MUNICIPALES; REQUISITOS.—La certificación del secretario municipal respecto a que un libro bajo su custodia contiene una anotación creditiva de que cierto solar del municipio ha sido dado en usufructo a determinada persona, no es suficiente para que ésta obtenga la inscripción del derecho de usufructo. Lo que debe presentarse al registrador, más bien, es una copia certificada del acuerdo haciendo la concesión con expresión de la fecha en que fué adoptado por autoridad competente.

NOTA de *L. Marquez,* R. (Caguas), denegando inscripción en cuanto a derecho de usufructo. *Confirmada.*

*A. Mena,* abogado de la recurrente; el Registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La parte pertinente de la nota del registrador es como sigue:

"Inscrito el precedente documento en cuanto a la segregación a favor del Municipio de Caguas, al folio 47 del tomo 93 de Caguas, de finca número 3584 inscripción primera; y deniego la inscripción en cuanto al derecho de usufructo en dicho documento contenido, por los defectos insubsanables siguientes: 1.—de no constar que la cesión fuese hecha por acuerdo del Concejo Municipal, pues, sólo hace referencia al libro registro de solares, ni consta que haya sido ratificada a nombre de María Flores; y 2.—porque el Secretario Municipal carece de facultades para declarar que la cesión ha quedado convalidada en virtud de la Ley número 40 de 7 de marzo de 1912, pues, era el Concejo Municipal en aquella época o actualmente la Asamblea Municipal los únicos organismos que de acuerdo con la Ley tienen facultades para dicho acto; y extendida en su lugar anotación preventiva. . . ." etc.

La recurrente tiene, por supuesto, razón al sostener que a partir del año 1912 las concesiones de usufructos quedaron válidas y no era necesaria ratificación alguna, *Soto Mayor* v. *El Registrador,* 27 D.P.R. 856. El punto a investigar, sin embargo, no es si fué ratificada una concesión por

un acto de la ley, sino si el registrador tuvo ante sí una prueba adecuada de la concesión del usufructo mismo.

La prueba presentada fué una certificación del secretario del municipio de Caguas. Este documento meramente acreditaba que un libro que estaba bajo la custodia de dicho secretario contenía una anotación de que la propiedad en cuestión había sido dada en usufructo. El secretario no certificó que el usufructo había sido concedido por ninguna asamblea municipal. La ley ahora exige que la Asamblea tome acción y anteriormente era el Concejo municipal.

Debe existir una certificación, como indica el registrador, de que el organismo debidamente autorizado para conceder un usufructo había en realidad actuado. Sugerimos, para evitar cualquier duda, que el secretario del municipio debió certificar que en tal o cual fecha el Concejo o asamblea municipal aprobó una resolución, y que tal resolución debe copiarse. El secretario, según entendemos, en lo que respecta a concesiones de usufructos previamente hechas, sólo tiene facultades para certificar con respecto a un récord que está en su poder y no puede certificar sobre la existencia real de un derecho de usufructo.

Por supuesto no importa que los registradores anteriores o el mismo registrador permitieran que certificaciones informales fueran presentadas. Para los fines de certeza la certificación adecuada del acto real del correspondiente organismo municipal debe certificarse en debida forma al registrador.

*Confirmada la nota recurrida.*